UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NAHSHON TURNER, | ) NO. EDCV 10-01488 AG (SS) |
| Petitioner, | ) **ORDER ADOPTING FINDINGS,** |
| v. | ) **CONCLUSIONS AND RECOMMENDATIONS OF** |
| TIMOTHY E. BUSBY, Acting Warden, | ) **UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Magistrate Judge's Report and Recommendation (the "R&R"), and Petitioner's "Petition to Show Cause" (the "Objections"). After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge, but addresses Petitioner's Objections below.

In his Objections, Petitioner contends that he is entitled to additional statutory tolling because he filed a second petition for writ of habeas corpus in the California Supreme Court on January 6, 2010, which was not considered in the R&R. (See Objections at 1). However,

because the statute of limitations expired on June 25, 2009 (R&R at 7), Petitioner's January 6, 2010 state habeas petition had no impact on tolling. When the AEDPA limitations period has expired prior to the filing of an application for relief in state court, statutory tolling is not available. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d) does not permit "reinitiation of the limitations period that has ended before the state petition was filed").

Moreover, the January 6, 2010 state petition has no impact on the Court's conclusion that Petitioner's initial delay of 168 days in filing his first habeas petition was unreasonable. As set forth in the R&R, Petitioner is not entitled to statutory tolling because he failed to explain his initial 168 day delay in filing his first state habeas petition in the Riverside County Superior Court from the date his conviction became final. (See R&R at 8-9). Petitioner contends that he "did give a reason for the delay in discovery of the claimed grounds being raised in the petition." (Objections at 1). Petitioner fails to provide any additional explanation, but appears to be arguing that his delay in filing his first state habeas petition was justified because he had not yet discovered the claims in the petition. (See id.).

However, "[a] petitioner does not meet his or her burden simply by alleging in general terms that the claim or subclaim recently was discovered." In re Robbins, 18 Cal. 4th 770, 787, 77 Cal. Rptr. 2d 153 (1998). Rather, a petitioner "must allege, with specificity, facts showing when information offered in support of the claim was obtained,

and that the information neither was known, nor reasonably should have been known, at any earlier time--and he or she bears the burden of establishing, through those specific allegations[,] . . . absence of substantial delay." Id. Petitioner's vague and conclusory assertion about "discovery of the claimed grounds" is insufficient to justify his substantial delay. Thus, Petitioner's Objections do not establish that he is entitled to statutory tolling.

Accordingly, IT IS ORDERED THAT:

1. The Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

2. The Clerk of the Court shall serve a copy of this Order and the Judgment herein on Petitioner at his address of record.

Dated: November 30, 2010.

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE